United States District Court
Northern District of Ohio
Office of the Clerk
Carl B. Stokes United States Court House
801 West Superior Avenue
Cleveland, Ohio 44113-1830

Geri M. Smith
Clerk of Court

(216) 357-7000

FILED
2007 AUG 24 P 3:57
RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST OF CA. S.J

August 21, 2007

United States District Court
Northern District of California
Robert F. Peckham Federal Building
and United States Courthouse
280 South First Street
San Jose, CA 95113

Re: USA v. Uri Rogers
NDCA Case No. CR 07 00515
NDOH Case No. 4:04cr451, Judge John R. Adams

Enclosed please find certified copies of our docket and the documents relating to the Transfer of Jurisdiction of Probation proceedings in the above-mentioned case.

Please acknowledge receipt of these documents by returning a copy of this letter in the enclosed envelope.

Thank you for your attention in this matter.

Sincerely,

*s/Stacey E. Swonger*

Stacey E. Swonger
Deputy Clerk
330-252-6014

U.S. Court House
568 Federal Building
2 South Main Street
Akron, OH 44308-1876
(330) 252-6000

114 U.S. Court House
1716 Spielbusch Avenue
Toledo, OH 43624-1347
(419) 213-5500

337 Thomas D. Lambros
Federal Building and U.S. Court House
125 Market Street
Youngstown, OH 44503-1787
(330) 884-7400

Rec doc emailed

CR 07 00515 JW

PROB 22
(Rev. 2/88)

# TRANSFER OF JURISDICTION

| DOCKET NUMBER (Tran. Court) | DOCKET NUMBER (Rec. Court) |
|---|---|
| 4:04CR00451-001 | |

NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE:

Uri A. Rogers
2322 Homestead, #12
Santa Clara, CA 95050

Filed
AUG - 6 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

| DISTRICT | DIVISION |
|---|---|
| NORTHERN DISTRICT OF OHIO | Eastern |

E-FILING

NAME OF SENTENCING JUDGE

John R. Adams

| DATES OF PROBATION/SUPERVISED RELEASE: | FROM | TO |
|---|---|---|
| | 03/26/2007 | 03/25/2010 |

OFFENSE

18 U.S.C. § 1791(a)(2) and (b)(3), Providing or Possession Contraband in Prison, a Class D felony.

## PART 1 - ORDER TRANSFERRING JURISDICTION

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO

IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3605 the jurisdiction of the probationer or supervised releasee named above be transferred with the records of the Court to the United States District Court for the NORTHERN DISTRICT OF CALIFORNIA upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this Court.*

7-18-07
*Date*

*United States District Judge*

FILED
2007 AUG 20 PM 2:28
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
AKRON

*This sentence may be deleted in the discretion of the transferring Court.

## PART 2 - ORDER ACCEPTING JURISDICTION

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

8/1/07
*Effective Date*

*United States District Judge*

AO 245B (Rev. 12/03) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

NORTHERN District of OHIO

UNITED STATES OF AMERICA
V.
Uri A. Rogers

**JUDGMENT IN A CRIMINAL CASE**

Case Number: 4:04CR451

USM Number: 65619-061

Charles E. Fleming
Defendant's Attorney

**THE DEFENDANT:**

x pleaded guilty to count(s) one of a one count indictment

☐ pleaded nolo contendere to count(s) ______ which was accepted by the court.

☐ was found guilty on count(s) ______ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1791(a)(2) and (b)(3) | Providing or Possessing Contraband in Prison | | 1 |

05 FEB 17 PM 2:36

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) ______

☐ Count(s) ______ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

February 16, 2005
Date of Imposition of Judgment

Signature of Judge

John R. Adams, U.S. District Judge
Name and Title of Judge

2-17-05
Date

I hereby certify that this instrument is a true and correct copy of the original on file in my office.
Attest: Geri M. Smith, Clerk
U.S. District Court
Northern District of Ohio
By: ______
Deputy Clerk

Case 4:04-cr-00451-JRAW Document 10 Filed 02/17/2005 Page 2 of 6



DEFENDANT: Rogers, Uri A.
CASE NUMBER: 4:04CR451-01

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

10 months with sentence to run consecutive to the current sentence in case #5:01CR153.

X The court makes the following recommendations to the Bureau of Prisons:
The Court recommends placement in a drug treatment program.
The Court requests that if defendant does not receive credit in case #5:01CR153 for this past time in custody of the U.S. Marshal, than defendant receive credit for that time in this case.

X The defendant is remanded to the custody of the United States Marshal.

☐ The execution of the sentence is deferred and bond continued. The defendant shall surrender :

☐ at __________ ☐ a.m. ☐ p.m. on __________ .

☐ as notified by the United States Marshal or the designated institution.

☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on __________ to __________

a __________ , with a certified copy of this judgment.

__________
UNITED STATES MARSHAL

By __________
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 12/03) Judgment in a Criminal Case
Sheet 3 — Supervised Release



DEFENDANT: Rogers, Uri A.
CASE NUMBER: 4:04CR451-01

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

3 years to run concurrent with the supervised release term in case #5:01CR153.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

X The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. (Check, if applicable.)

x The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Case 5:07-cr-00515-JW Document 2 Filed 08/24/2007 Page 6 of 13

AO 245B (Rev. 12/03) Judgment in a Criminal Case
Sheet 3C — Supervised Release



DEFENDANT: Rogers, Uri A.
CASE NUMBER: 4:04CR451-01

## SPECIAL CONDITIONS OF SUPERVISION

x The defendant shall provide the probation officer with access to any requested financial information.

____ The defendant shall not incur new credit charges or open additional lines of credit without the approval of the Probation Officer.

____ The defendant shall reside in a community treatment center, halfway house, or similar facility of a period of ______ days/months to begin not later than ______________. (Work/medical release privileges granted).

____ The defendant shall participate in the Home Confinement Program (with / without) electronic monitoring for a period of ___________ days/months, beginning no later than _______ calendar days from release from custody. The defendant is required to remain at residence unless given written permission to be elsewhere. The defendant may leave residence to work, to receive medical treatment and to attend religious services. The defendant shall wear an electronic monitoring device, follow electronic monitoring procedures and submit to random drug/alcohol test as specified by the Probation Officer. The defendant may participate in the Earned Leave Program. The defendant (is / is not) to pay the cost of the program. Payment is to be made as directed by the Supervising Home Confinement Officer.

X The defendant shall participate in an outpatient program approved by the U.S. Probation Office for the treatment of alcohol and/or drug dependency which will include testing to determine if the defendant has reverted to the use of alcohol and/or drugs.

____ The defendant shall participate in an outpatient mental health treatment program as directed by the Probation Office.

____ The defendant shall surrender to U.S. Immigration and Naturalization Service for deportation as provided by law, and shall not illegally re-enter or remain in the United States.

____ The defendant is committed to the custody of the Bureau of Prisons for months. It is recommended that the Comprehensive Sanctions Center be designated as the place of confinement.

____ The defendant shall not associate with any members of the _________ gang or any other gang or threat group as directed by the probation officer.

____ The defendant shall consent to the U.S. Probation Office conducting periodic unannounced examinations of computer system(s), which may include retrieval and copying of all memory from hardware/software and/or removal of such system(s) for the purposes of conducting a more through inspection and will consent to having installed on your computer(s), at your expense, any hardware/software to monitor your computer use or prevent access to particular materials. The defendant consents to periodic inspection of any such installed hardware/software to insure it is functioning properly.

____ The defendant shall provide the U.S. Probation Office with accurate information about his/her entire computer system (hardware/software); all passwords used by you; and your Internet Service Provider(s) and will abide by all rules of the Computer Restriction and Monitoring Program.

____ The defendant shall submit his/her person, residence, place of business, computer, or vehicle to a warrantless search, conducted and controlled by the U.S. Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release, failure to submit to a search may be grounds for revocation, the defendant shall inform any other residents that the premises may be subject to search pursuant to this condition.

____ The defendant shall perform hours of community service as directed by the Probation Officer.

____ The defendant shall participate in, and successfully complete, a cognitive restructuring program as instructed by your Probation Officer.

____ The defendant shall reside and participate in a residential drug treatment program as instructed by your Probation Officer, until discharged by the facility and as approved by your Probation Officer.

AO 245B (Rev. 12/03) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties



DEFENDANT: Rogers, Uri A.
CASE NUMBER: 4:04CR451-01

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ | $ |

☐ The determination of restitution is deferred until ______. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| TOTALS | $ ______ | $ ______ | |

☐ Restitution amount ordered pursuant to plea agreement $ ______

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the ☐ fine ☐ restitution.

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 12/03) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments



DEFENDANT: Rogers, Uri A.
CASE NUMBER: 4:04CR451-01

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A** ☐ Lump sum payment of $ ☐ ____________ due immediately, balance due

☐ not later than ____________________, or
☐ in accordance ☐ C, ☐ D, ☐ E, or ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal __________ (e.g., weekly, monthly, quarterly) installments of $ __________ over a period of __________ (e.g., months or years), to commence __________ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal __________ (e.g., weekly, monthly, quarterly) installments of $ __________ over a period of __________ (e.g., months or years), to commence __________ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within __________ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** **X** **Special instructions regarding the payment of criminal monetary penalties:**

**A special assessment of $100.00 is due in full immediately as to count(s) one.**

**PAYMENT IS TO BE MADE PAYABLE AND SENT TO THE CLERK, U.S. DISTRICT COURT.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

Limbert, Termed

**U.S. District Court**
**Northern District of Ohio (Cleveland)**
**CRIMINAL DOCKET FOR CASE #: 1:04-cr-00451-JRA All Defendants**
**Internal Use Only**

Case title: United States of America v. Rogers

Date Filed: 09/01/2004
Date Terminated: 02/17/2005

---

Assigned to: Hon. John R. Adams

**Defendant**

**Uri Rogers** (1)
*TERMINATED: 02/17/2005*

represented by **Charles E. Fleming**
Office of the Federal Public Defender - Cleveland
Northern District of Ohio
750 Skylight Office Tower
1660 West Second Street
Cleveland, OH 44113
216-522-4856
Fax: 216-522-4321
Email: charles_fleming@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or Community Defender Appointment*

**Dennis G. Terez**
Office of the Federal Public Defender - Cleveland
Northern District of Ohio
750 Skylight Office Tower
1660 West Second Street
Cleveland, OH 44113
216-522-4856
Fax: 216-522-4321
Email: dennis_terez@fd.org
*TERMINATED: 09/27/2004*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or Community Defender Appointment*

I hereby certify that this instrument is a true and correct copy of the original on file in my office.
Attest: Geri M. Smith, Clerk
U.S. District Court
Northern District of Ohio
By: [signature]
Deputy Clerk

**Pending Counts**

**Disposition**

Defendant sentenced to custody of the Bureau of Prisons for a period of 10

18:1791(a)(2) Possession of Contraband in Prison
(1)

months to run concurrent with sentence from case 5:01cr153; period of 3 years supervised release to run concurrent with supervised release in case 5:01cr153; fine waived; special assessment in the amount of $100.00.

**Highest Offense Level (Opening)**

Felony

**Terminated Counts** | **Disposition**

None

**Highest Offense Level (Terminated)**

None

**Complaints** | **Disposition**

None

---

**Plaintiff**

**United States of America**

represented by **Linda H. Barr**
Office of the U.S. Attorney - Youngstown
Northern District of Ohio
325 City Centre One
100 East Federal Plaza
Youngstown, OH 44503
330-740-6984
Fax: 330-746-0239
Email: linda.barr@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/01/2004 | 1 | Indictment as to Uri Rogers (1) count(s) 1. (Attachments: # 1 Designation Form) (M, P) (Entered: 09/02/2004) |
| 09/01/2004 | 2 | Random Assignment of Magistrate Judge Limbert (M, P) (Entered: 09/02/2004) |
| 09/21/2004 | 3 | Notice of Hearing as to Uri Rogers. Arraignment set for 9/24/2004 at 9:00 AM in Courtroom 530 before Honorable John R. Adams. (K, Chr) Modified location on 9/22/2004 (M, J). (Entered: 09/21/2004) |
| 09/24/2004 | | Minutes of proceedings (non-document) before Judge John R. |

| | | |
|---|---|---|
| | | Adams.Arraignment as to Uri Rogers (1) held on 9/24/2004. Defendant plead not guilty to Count 1; Dennis G. Terez appointed for Uri Rogers. Robert Becker present in place of Linda Barr. Jury Trial set for 11/29/2004 at 09:00 AM in Courtroom 530 before Honorable John R. Adams. Pretrial Conference set for 11/19/2004 at 04:00 PM in Courtroom 530 before Honorable John R. Adams. (Court Reporter Richard DelMonico) (K, Chr) (Entered: 09/24/2004) |
| 09/27/2004 | 4 | Notice of Appearance of Attorney Charles E. Fleming appearing for Uri Rogers *substituting for Dennis Terez* (Fleming, Charles) (Entered: 09/27/2004) |
| 09/27/2004 | 5 | Notice of Discovery *Requests* as to Uri Rogers (Attachments: # 1 Exhibit A# 2 Exhibit B)(Fleming, Charles) (Entered: 09/27/2004) |
| 09/27/2004 | 6 | Trial Order as to Uri Rogers. Jury Trial set for 11/29/2004 at 09:00 AM in Courtroom 530 before Honorable John R. Adams. Pretrial Conference set for 11/19/2004 at 04:00 PM in Courtroom 530 before Honorable John R. Adams. See order for additional deadlines. Signed by Judge John R. Adams on 9/27/04. (K, Chr) (Entered: 09/27/2004) |
| 11/16/2004 | 7 | Notice of Hearing as to Uri Rogers. Change of Plea Hearing rescheduled to 11/19/2004 at 11:00 AM in Courtroom 530 before Honorable John R. Adams. (K, Chr) (Entered: 11/16/2004) |
| 11/19/2004 | | Minutes of proceedings (non-document) before Judge John R. Adams.Change of Plea Hearing as to Uri Rogers held on 11/19/2004. Guilty Plea entered as to Count 1. Sentencing set for 2/16/2005 at 09:00 AM in Courtroom 530 before Honorable John R. Adams. (Court Reporter Richard DelMonico) (K, Chr) (Entered: 11/19/2004) |
| 11/19/2004 | 8 | Notice of Hearing as to Uri Rogers. Sentencing set for 2/16/05 at 9:00 a.m. in Courtroom #530. (K, Chr) Replaced main document on 11/19/2004 & e-mailed to counsel (K, Chr). (Entered: 11/19/2004) |
| 02/16/2005 | 9 | Minutes of proceedings before Judge John R. Adams. Sentencing held on 2/16/05 for Uri Rogers (1), Defendant sentenced on count 1 to the custody of the Bureau of Prisons for 10 months to run concurrent with sentence in case 5:01cr153; 3 years supervised release to run concurrent with supervised release in case 5:01cr153; fine waived; special assessment in the amount of $100. (Court Reporter Richard DelMonico) (Time: 30 minutes) (L, T) (Entered: 02/17/2005) |
| 02/17/2005 | 10 | Judgment as to Uri Rogers (1). Defendant sentenced to custody of the Bureau of Prisons for a period of 10 months to run concurrent with sentence from case 5:01cr153; period of 3 years supervised release to run concurrent with supervised release in case 5:01cr153; fine waived; special assessment in the amount of $100.00. Signed by Judge John R. Adams on 2/17/2005.(P, S) (Entered: 02/18/2005) |
| 05/12/2005 | 11 | Judgment Returned Executed as to Uri Rogers. Defendant delivered to FCI Elkton, Elkton, Ohio on 2/24/05. (P, G) (Entered: 05/12/2005) |
| | | |

| | | |
|---|---|---|
| 08/20/2007 | 12 | Probation Jurisdiction Transferred to Northern District of California as to Uri Rogers. Transmitted Transfer of Jurisdiction form, with certified copies of indictment, judgment and docket sheet on 8/21/2007. (S,S) (Entered: 08/21/2007) |

FILED
2004 SEP -1 PM 4:13
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) I N D I C T M E N T |
| Plaintiff, | ) CR. NO. 4:04 CR 451 |
| -vs- | ) |
| URI ROGERS, | ) Title 18, § 1791(a)(2), United States Code. |
| Defendant. | ) |

JUDGE ADAMS

The Grand Jury charges:

On or about April 7, 2003, in the Northern District of Ohio, Eastern Division, the defendant, URI ROGERS, did attempt to obtain and possess a prohibited object, to wit: marijuana, while being an inmate of the Federal Correctional Institution at Elkton, in Elkton, Ohio, in violation of Title 18, Section 1791(a)(2), United States Code, and punishable pursuant to Title 18, Section 1791(b)(3), United States Code.

A TRUE BILL.

FOREPERSON

GREGORY A. WHITE
United States Attorney

I hereby certify that this instrument is a true and correct copy of the original on file in my office.
Attest: Geri M. Smith, Clerk
U.S. District Court
Northern District of Ohio
By: Deputy Clerk